488 S.E.2d 313

**The STATE, Respondent,**

v.

**Aundray E. LIVINGSTON, Appellant.**

**No. 24640.**

Supreme Court of South Carolina.

Heard April 2, 1997.

Decided June 30, 1997.

Rehearing Denied Aug. 8, 1997.

18

James H. Moss, of Moss & Kuhn, P.A., Beaufort, for appellant.

Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General G. Robert Deloach, III, Columbia, and Solicitor Randolph Murdaugh, III, Hampton, for respondent.

MOORE, Justice.

Appellant was convicted of felony driving under the influence (DUI) and sentenced to twenty-five years imprisonment. We reverse.

## FACTS

Appellant was driving in Beaufort County at 11:00 p.m. on July 31, 1995. He turned a corner at a high rate of speed onto

a street and lost control of his car. He hit the victim's car, killing her instantly. Prior to being taken to the hospital, he emptied his pockets and gave the police a baggie of marijuana. At the hospital, police obtained a urine sample from appellant. This case does not involve alcohol.

The sample tested positively for marijuana. The chemist who analyzed the sample testified that, based upon the test result, appellant had smoked marijuana sometime during the day and a half prior to the sample being taken.

## ISSUE

Did the trial judge err in allowing the victim's husband to testify and in admitting a photograph of the victim?

## DISCUSSION

Appellant contends the trial judge erred by allowing the victim's husband to testify and admitting a photograph of the victim and her husband. We agree.

Immediately prior to resting its case, the State called the victim's husband to testify. Appellant objected stating the testimony was irrelevant and prejudicial. The trial judge allowed him to testify. The victim's husband testified that he and the victim had married in May, two months before the accident. He testified they then moved to Beaufort where she began work as a telecommunications operator on the 3–11 p.m. shift and he became a deputy sheriff. He also testified his wife was only 22 years old when she died. A photograph of the two of them was introduced. The testimony is not extensive, but it creates a poignant image, especially in light of the fact that the trial took place only three months after the incident.

The State contends the testimony was relevant. Rule 402, SCRE, provides that all relevant evidence is admissible.[1] Under Rule 401, SCRE, relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more

1. The SCRE were effective September 3, 1995. Appellant was tried in October 1995.

probable or less probable than it would be without the evidence." The State contends the testimony established the reason the victim was in Beaufort County, the time she normally left work, and the route she usually took home. Further, the State contends this evidence was relevant to establish the victim's identity. These facts are of no consequence to the determination of this action (whether appellant is guilty of felony DUI), since the victim's identity and the time and place of the accident were undisputed and these matters were not in issue.

The photograph of the victim taken shortly before her death also is of no consequence to the determination of this action. In addition, a photograph should be excluded if it is calculated to arouse the sympathy or prejudice of the jury or is irrelevant or unnecessary to substantiate facts. *State v. Todd*, 290 S.C. 212, 349 S.E.2d 339 (1986). We hold the trial judge erred in admitting this testimony and the photograph as they are irrelevant to any matter in issue.

The State then contends if the evidence is irrelevant, the admission of this evidence was harmless. We disagree. The husband's testimony and the photograph were highly inflammatory. Furthermore, the evidence against appellant was not overwhelming. The urinalysis result was inconclusive as to whether appellant was driving while under the influence of marijuana. We cannot conclude that the introduction of this evidence did not affect the outcome of the trial. *Cf. State v. Davis*, 309 S.C. 326, 422 S.E.2d 133 (1992)(introduction of irrelevant evidence did not affect outcome). Thus, we find the testimony and introduction of the photograph were not harmless.

**REVERSED.**

FINNEY, C.J., and TOAL, WALLER and BURNETT, JJ., concur.