518 S.E.2d 588

The STATE, Respondent,

v.

Andre Kevin ROSEMOND, Appellant.

No. 24975.

Supreme Court of South Carolina.

Heard Jan. 8, 1998.

Decided July 26, 1999.

Robert M. Pachak, Assistant Appellate Defender, South Carolina Office of Appellant Defense, of Columbia, for appellant.

Charles M. Condon, Attorney General, John W. McIntosh, Deputy Attorney General, and Donald J. Zelenka, Assistant Deputy Attorney General, all of Columbia; and Holman C. Gossett, Solicitor, Seventh Judicial Circuit, of Spartanburg, for respondent.

WALLER, Justice:

A jury convicted Appellant Andre Kevin Rosemond of the murders of his girlfriend, Christine Norton,[1] and Norton's ten-year old daughter, Corrie Autumn Norton.[2] Thereafter, upon the jury's recommendation, the trial judge sentenced Appellant to death for both convictions.[3] This appeal consolidates Appellant's direct appeal with the mandatory review provisions of S.C.Code Ann. § 16–3–25(C) (1985). We affirm.

## FACTS

On the afternoon of June 21, 1993, at Appellant's request, a Spartanburg County Sheriff's Deputy met Appellant at Brown's Funeral Home. Appellant told the deputy he and Mother had received a telephone call (or calls) the previous evening threatening their lives. Because of this, they had decided to move. Appellant requested that the deputy accompany him back to the mobile home where he and Mother lived so he could retrieve some clothing. The deputy complied. When they entered the mobile home, Mother and Daughter were found dead in the living area. Daughter was sitting slumped on the sofa and Mother was lying on the floor beside the sofa. Both had been shot twice in the head.

---

1. Hereinafter "Mother."

2. Hereinafter "Daughter."

3. The jury found as statutory aggravating circumstances that two or more persons were murdered by the defendant by one act or pursuant to one scheme or course of conduct; and the murder of a child eleven years of age or under. S.C.Code Ann. § 16–3–20(9), –20(10) (Supp. 1996).

While initially Appellant told police he thought whomever had been threatening them had killed the victims, he eventually confessed to the shootings. He told police he had thrown the murder weapon in a lake, and led them to the exact spot where he threw it in. The gun was subsequently found in close proximity to this spot.

## ISSUE

The sole issue on appeal is whether the trial judge erred in admitting color photographs of the victims during the sentencing phase.

## DISCUSSION

During the sentencing phase, the State was allowed to introduce six enlarged color photographs of the victims over Appellant's objection. Three were pictures of the victims at the crime scene, and three were taken at autopsy. Appellant argues these pictures were unduly prejudicial and deprived him of a fair trial. *See* U.S. Const. amend. VII; U.S. Const. amend. XIV; S.C.Code Ann. § 16-3-25(C)(1) (1985). We disagree.

The relevance, materiality and admissibility of photographs are matters within the sound discretion of the trial court and a ruling will be disturbed only upon a showing of an abuse of discretion. *State v. Tucker,* 324 S.C. 155, 478 S.E.2d 260 (1996), *cert. denied,* 520 U.S. 1200, 117 S.Ct. 1561, 137 L.Ed.2d 708 (1997).

The purpose of the bifurcated proceeding in a capital case is to permit the introduction of evidence in the sentencing proceeding which ordinarily would be inadmissible in the guilt phase. In the sentencing proceeding, the trial court may permit the introduction of additional evidence in extenuation, mitigation *or aggravation.* In determining whether to recommend a sentence of death, the jury may be permitted to see photographs which depict the bodies of the murder victims in substantially the same condition in which the defendant left them. . . . The trial judge is still required to balance the prejudicial effect of the photographs against their probative value. However, in the sentencing phase, the scope of the probative value is much broader.

*State v. Kornahrens,* 290 S.C. 281, 289, 350 S.E.2d 180, 185–86 (1986), *cert. denied,* 480 U.S. 940, 107 S.Ct. 1592, 94 L.Ed.2d 781 (1987) (internal citations omitted). To constitute unfair prejudice, the photographs must create a "tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one." *State v. Franklin,* 318 S.C. 47, 55, 456 S.E.2d 357, 361, *cert. denied,* 516 U.S. 856, 116 S.Ct. 160, 133 L.Ed.2d 103 (1995) (quoting *State v. Alexander,* 303 S.C. 377, 382, 401 S.E.2d 146, 149 (1991)).

■■■■ We have reviewed the photographs and find the trial judge did not abuse his discretion in admitting them. The photographs taken at the crime scene showed the victims in substantially the same condition as Appellant left them. All of the photographs served to corroborate the pathologist's testimony describing the position of the victims as they were dying and the wounds each received. He also used them to explain his belief that Mother continued living for about ten minutes after she was shot, and that Daughter's wounds were inflicted at close range. These photographs were probative of both the circumstances of the crime and Appellant's character. The autopsy photographs were not unnecessarily gruesome, as the bodies had been cleaned of blood. *See Franklin,* 318 S.C. at 56–57, 456 S.E.2d at 361–62 (affirming admission of autopsy slides, noting they showed victim's wounds and body had been cleaned of blood). Photographs of a victim's body are admissible in the sentencing phase of a death penalty trial to show the circumstances of the crime and the character of the defendant. *Tucker,* 324 S.C. 155, 478 S.E.2d 260. If the photograph serves to corroborate testimony, it is not an abuse of discretion to admit it. *State v. Nance,* 320 S.C. 501, 508, 466 S.E.2d 349, 353, *cert. denied,* 518 U.S. 1026, 116 S.Ct. 2566, 135 L.Ed.2d 1083 (1996). We find the probative value of these photographs outweighed any potential prejudicial effect.

*Review under S.C.Code Ann. § 16–3–25(C) (1985)*

We find the sentence imposed proportionate to that in similar cases, is not arbitrary, excessive or disproportionate to the crime in this case, and is not the result of passion or prejudice. We also find the evidence supports the finding of aggravating circumstances. *See, e.g., State v. Tucker,* 324 S.C.

598

155, 478 S.E.2d 260 (1996); *State v. Williams*, 321 S.C. 327, 468 S.E.2d 626 (1996).

**AFFIRMED.**

TOAL, MOORE, and BURNETT, JJ., concur.

FINNEY, C.J., dissenting in a separate opinion.

FINNEY, Chief Justice:

I respectfully dissent. The State elected to offer enlarged photographs of both the mother and child victims taken at the crime scene and at the autopsy. In my opinion, the prejudicial effect of the oversized photos, which were not enlarged for any legitimate evidentiary purpose, outweighed their probative value. *State v. Livingston*, 327 S.C. 17, 488 S.E.2d 313 (1997). I would reverse and remand for a new sentencing proceeding.