THE STATE OF SOUTH CAROLINA

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Richard Kevin Patterson,       
Appellant.
 
 
 Appeal From 
 Anderson County
 J. C. Buddy 
 Nicholson, Jr., Circuit Court Judge
 
 Opinion 
 No.    2003-UP-143
 Submitted 
 December 9, 2003 - Filed February 19, 2003
 
 AFFIRMED
 
 Tara  Shurling, of Columbia, for appellant.  

 
 Attorney General Henry Dargan McMaster, 
 Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney 
 General Donald J. Zelenka, Assistant Attorney General Derrick K. McFarland, 
 of Columbia; Druanne Dykes White, of Anderson; for respondent.  

 
 
 

 
 PER CURIAM:  Richard K. Patterson appeals his convictions for murder 
 and possession of a weapon during the commission of a violent crime, arguing 
 the trial court erred in curtailing cross-examination of the State=s pathologist 
 and in denying his motion for mistrial.  

 
 We affirm pursuant to Rule 220(b)(2), SCACR, and the following authorities:  
 Issue I:  State v. Burroughs, 328 S.C. 489, 497, 492 S.E.2d 
 408, 412 (Ct. App. 1997) ("'Hearsay' is a statement, other than one made 
 by the declarant while testifying at the trial or hearing, offered in evidence 
 to prove the truth of the matter asserted.  [Hearsay] testimony [i]s properly 
 admitted only if it falls within one of the established exceptions to the 
 general rule that hearsay is inadmissible.") (citations omitted); State 
 v. Galloway, 305 S.C. 258, 264, 407 S.E.2d 662, 666 (Ct. App. 1991) (holding 
 trial judge did not err in excluding testimony where "the record plainly reveals 
 it was hearsay and [the defendant] failed to demonstrate it came within any 
 exception to the hearsay rule";  Issue II:  State v. Rosemond, 
 335 S.C. 593, 596-97, 518 S.E.2d 588, 589-90 (1999) ("The relevance, materiality 
 and admissibility of photographs are matters within the sound discretion of 
 the trial court and a ruling will be disturbed only upon a showing of an abuse 
 of discretion. . . .  If the photograph serves to corroborate testimony, it 
 is not an abuse of discretion to admit it."); State v. Harris, 340 
 S.C. 59, 63, 530 S.E.2d 626, 628 (2000) ("A mistrial should only be granted 
 when absolutely necessary.  In order to receive a mistrial, the defendant 
 must show error and resulting prejudice.") (internal citation omitted); State 
 v. Kelsey, 502 S.E.2d 63, 69, 331 S.C. 50, 73 (1998) ("The decision to 
 grant or deny a mistrial is within the sound discretion of the trial judge 
 and will not be overturned on appeal absent an abuse of discretion."); State 
 v. Mitchell, 330 S.C. 189, 498 S.E.2d 642 (1998) (stating a defendant 
 cannot acquiesce in an issue at trial and then complain about it on appeal).  
 
 AFFIRMED.  
 GOOLSBY, HUFF, and SHULER, JJ., concur.