THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Josh S. Sweet,       
Appellant.
 
 
 

Appeal From Horry County
John M. Milling, Circuit Court Judge

Unpublished Opinion No. 2003-UP-393
Submitted April 18, 2003  Filed June 
 12, 2003   

AFFIRMED

 
 
 
Senior Assistant Appellate Defender Wanda H. Haile, of Columbia; for Appellant.
Attorney General Henry Dargan McMaster; Chief Deputy Attorney 
 General John W. McIntosh; Assistant Deputy Attorney General Charles H. Richardson; 
 Senior Assistant Attorney General Harold M. Coombs,Jr., of Columbia; John Gregory 
 Hembree, of Conway; for Respondent.
 
 
 

 PER CURIAM: Josh S. Sweet (Sweet) appeals from his conviction 
 for assault and battery with intent to kill (ABIK) arguing the trial court erred 
 in admitting his brass knuckles and a photograph of victims stab wound into 
 evidence.  
FACTS
On the night of June 6, 1999, Matthew J. Bennett (Victim) and his 
 friends were celebrating graduation and talking with some girls at the Viking 
 Motel in Myrtle Beach.  At some point during this informal mixer with the girls, 
 Sweet and his own gang of friends exchanged insults with Joshua Zain (Victims 
 friend).  After the hotel manager asked the two groups to leave the motel premises, 
 they met up again a couple of blocks down the street.  The confrontation between 
 the boys escalated until Victim and Sweet pushed one another and Sweet stabbed 
 Victim in the chest.  Prior to the stabbing and immediately following it, Sweet 
 brandished brass knuckles.
Sweet was arrested and convicted of  ABIK.  He was sentenced to ten years in 
 prison.
DISCUSSION
Sweet contends the trial court 
 erred in admitting the brass knuckles into evidence.  We disagree.
Prior to trial, Sweet moved to suppress evidence that he was in possession 
 of brass knuckles because he had been convicted of that offense in summary court 
 and the brass knuckles were not used on the victim.  The State noted that Sweet 
 had the knuckles prior to, during and after the offense.  The State argued the 
 knuckles went to Sweets intent at the time the altercation occurred and to 
 corroborate the testimony of eyewitnesses who saw Sweet with the knuckles at 
 the scene.  The trial court denied Sweets motion to suppress in limine 
 finding Sweets possession of the brass knuckles showed intent.  The court suppressed 
 any evidence of Sweets prior conviction in city court for having the knuckles.
At trial, Victim testified, without objection, that he had seen Sweet with 
 brass knuckles at the motel.  An eyewitness to the stabbing testified, 
 without objection, Sweet held brass knuckles in one hand and something shiny 
 in the other when he pushed victim.  The same eyewitness testified Sweet 
 brandished the brass knuckles and threatened him when the witness pursued him 
 after the stabbing.  An Officer testified, without objection, Sweet pulled out 
 his brass knuckles in a threatening way during the arrest.  Finally, the brass 
 knuckles were introduced into evidence.  The States brief indicates the admission 
 of the knuckles themselves came in over Sweets objection.  However, the record 
 on appeal only reveals a bench conference was held off the record just prior 
 to the admission of the evidence.  There is nothing in the record to indicate 
 Sweet made any objection on the record to the multiple testimonies regarding 
 the knuckles or their ultimate admission after the initial motion in limine.
Even if we were to find the admission of the brass knuckles to be improper, 
 Sweet would still fail.  Under a harmless error analysis we conclude that the 
 admission of the knuckles themselves was cumulative to the testimony of several 
 witnesses regarding Sweets possession and use of them before, during and immediately 
 following the stabbing.  No error.
Next, Sweet insists the trial court erred in admitting a photograph of the 
 Victims stab wound.  We disagree.
Prior to trial, Sweet moved 
 to suppress the photograph on the ground that it was more prejudicial than probative 
 because it was a close-up photo of a bloody, open wound.  Sweet also noted that 
 there would be testimony form a physician regarding the nature and description 
 of the wound.  (R. 3-4)  The trial court denied the motion finding the 
 photograph depicting the nature of the wound and its size established evidence 
 of ABIK and was thus more probative than prejudicial. (R. 4)
     During trial, the photograph of the chest wound was published to 
 the jury without objection.  The relevance, materiality, and admissibility of 
 photographs are matters within the sound discretion of the trial court and a 
 ruling will be disturbed only upon a showing of abuse of discretion.  State 
 v. Rosemond, 335 S.C. 593, 518 S.E.2d 588 (1999).  If the offered photograph 
 serves to corroborate testimony, it is not an abuse of discretion to admit it.  
 State v. Jarell, 350 S.C. 90, 564 S.E.2d 362 (Ct. App. 2002).  The photograph 
 showing a stab wound to the Victims chest corroborated witnesses testimony 
 about the stabbing and the aftermath.  
Accordingly, we must
 AFFIRM.
 CURETON, ANDERSON and HUFF, JJ., concur.