THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Central Electric Power Cooperative, Inc., a Corporation,       
Appellant,
 
 
 

v.

 
 
 
IN RE:  Condemnation of a 75 Foot wide right-of-way 760 feet long across 
 lands in Kershaw County belonging to Candace McKey,       
Respondent.
 
 
 

Appeal From Kershaw County
L. Casey Manning, Circuit Court Judge

Unpublished Opinion No. 2003-UP-670
Heard September 8, 2003  Filed November 
 17, 2003

AFFIRMED

 
 
 
James Randall Davis and Lisa Lee Smith, both of Lexington, 
 for Appellant.
Keith M. Babcock, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Central Electric Power Cooperative 
 (Central Electric) brought this condemnation action to acquire an easement across 
 land owned by Candace McKey (McKey) in Kershaw County.  Central Electric appeals 
 from a jury award of $48,500 in favor of McKey.  We affirm.
1.  We find the trial court did not abuse its discretion 
 in admitting portions of a videotape taken and narrated by McKeys father, Jack 
 Ketter, that contained selected views of McKeys property as well as footage 
 of the immediately surrounding area developed for residential use.  Ketter testified 
 the highest and best use of the subject property was residential, an issue to 
 which the videotape related.  The highest and best use of the subject property 
 was a matter for the jury to consider in determining damages.  See 26 
 Am. Jur. 2nd Eminent Domain § 371, at 779 (1996) (Diminished value is 
 measured by the propertys highest and best use, notwithstanding its use at 
 the time of the taking.).  As to Central Electrics argument that the danger 
 of unfair prejudice outweighed the probative value of this evidence, Central 
 Electric did not make this specific argument at trial; therefore, we cannot 
 address it.  See Mizell v. Glover, 351 S.C. 392, 399, 570 S.E.2d 
 176, 180 (2002) (In order to preserve an issue for appellate review, the issue 
 must have been raised to and ruled upon by the trial court.).
2.  We find no error in the trial courts admission of a 
 photograph showing two sets of transmission lines on property on which Central 
 Electric held an easement in Calhoun County.  See State v. Rosemond, 
 335 S.C. 593, 596, 518 S.E.2d 588, 589-90 (1999) (The relevance, materiality 
 and admissibility of photographs are matters within the sound discretion of 
 the trial court and a ruling will be disturbed only upon a showing of an abuse 
 of discretion.); id. at 597, 518 S.E.2d at 590 (If the photograph serves 
 to corroborate testimony, it is not an abuse of discretion to admit it.).  
 The photograph corroborated testimony offered at trial and was relevant on the 
 issue of the scope and extent of Central Electrics easement.  
3.  The trial court did not err in admitting testimony concerning 
 the location of Central Electrics transmission line across McKeys property.  
 The location of the line was a factor directly related to the value of the remainder 
 of the property and the resulting damages.  See generally 26 Am. Jur. 
 2nd Eminent Domain § 368, at 777 (1996) ([A] wide range of factors is 
 relevant in severance determinations and . . . they are essentially ad hoc factual 
 inquiries); 29A C.J.S. Eminent Domain § 127(b), at 328-29 (1992) (It 
 is proper to consider . . . the character and quality of the tract of which 
 a part is taken, the situation of the part taken with reference to the residue, 
 and the effect of the improvement and the severance of the tract generally.). 
4.  We find no merit in Central Electrics contention, made 
 for the first time on appeal, that the trial court erred in allowing the jury 
 a choice of whether to view the subject property.  The issue is not preserved 
 as the parties expressly agreed to the procedure of having the trial court charge 
 the jury that it could view the property if it so desired.  See Mizell, 
 351 S.C. at 399, 570 S.E.2d at 180 (In order to preserve an issue for appellate 
 review, the issue must have been raised to and ruled upon by the trial court.); 
 Hillman v. Pinion, 347 S.C. 253, 554 S.E.2d 427 (Ct. App. 2001) (holding 
 a party may not complain for the first time on appeal of an alleged error that 
 the partys own conduct induced).  
5.  We find no merit in Central Electrics argument 
 that the trial court erred in failing to reduce the amount awarded to McKey 
 for attorneys fees and costs, the sum of $30,929.54.  Under S.C. Code Ann. 
 § 28-2-510(B)(1) (1991), a prevailing landowner in a condemnation action is 
 allowed to recover reasonable litigation expenses.  This statute gives the 
 trial court the discretion to determine reasonable attorneys fees.  City 
 of N. Charleston v. Claxton, 315 S.C. 56, 431 S.E.2d 610 (Ct. App. 1993).  
 In its order awarding attorney fees, the trial court specifically discussed 
 the relevant factors and particularly noted that McKeys attorney and his law 
 firm had spent more than four years representing her as the landowner in this 
 case.  Based on the courts proper consideration of all of the appropriate factors, 
 we conclude the trial court did not abuse its discretion in this instance.  
 See Glasscock v. Glasscock, 304 S.C. 158, 161, 403 S.E.2d 313, 
 315 (1991) (stating a trial court should consider the following factors in determining 
 an award of attorneys fees:  (1) the nature, extent, and difficulty of the 
 case; (2) the time necessarily devoted to the case; (3) professional standing 
 of counsel; (4) contingency of compensation; (5) beneficial results obtained; 
 (6) customary legal fees for similar services).   
AFFIRMED.
GOOLSBY, HOWARD, and BEATTY, JJ., concur.