THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING
EXCEPT AS PROVIDED BY RULE 239(d)(2), 
 SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Respondent,
 
 
 

v.

 
 
 
Aundray Livingston,       
Appellant.
 
 
 

Appeal From Beaufort County
Diane Schafer Goodstein, Circuit Court 
 Judge

Unpublished Opinion No. 2005-UP-133
Submitted January 1, 2005  Filed February 
 22, 2005

AFFIRMED

 
 
 
Robert William Mills, of Columbia, for Appellant.
Attorney General Henry D. McMaster, Chief Deputy Attorney 
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, 
 and Assistant Attorney General Deborah R. J. Shupe, all of Columbia; and Solicitor 
 Randolph Murdaugh, III, of Hampton, for Respondent.
 
 
 

PER CURIAM:  This is an appeal from a felony driving 
 under the influence conviction.  The primary issue is whether a hospital employee 
 who obtained a urine sample from the defendant was properly trained and qualified 
 under the provisions of our states implied consent law governing the collection 
 of blood and urine samples from DUI suspects.  We affirm the trial courts determination 
 that the hospital employee was adequately qualified.  
Appellant also claims the trial court improperly 
 admitted hearsay testimony.  We do not reach the merits of this issue, finding 
 it was not preserved for our review.
FACTS/PROCEDURAL 
 HISTORY
While driving down Highway 21 
 in Beaufort County, Aundray Livingston crossed the median and collided head-on 
 with an oncoming car, killing its driver.  Livingston was injured, but he survived 
 the crash and was taken to Beaufort Memorial Hospital for treatment.  The Highway 
 Patrol officer investigating the accident requested a sample of Livingstons 
 urine. [1]   Harry Jenkins, an 
 employee of the hospital, collected the sample from Livingston.  Laboratory 
 analysis by SLED revealed the urine sample contained significant levels of THC, 
 the pharmacologically active component of marijuana.  Livingston was later charged 
 with felony DUI. 
At trial, Livingston moved to 
 exclude evidence of the urine test results, claiming the State failed to establish 
 that Jenkins had the proper medical training prescribed under the implied consent 
 statute (S.C. Code Ann. § 56-5-2950) to obtain urine samples. The trial court 
 denied this motion and admitted the test results.  Livingston was subsequently 
 convicted of felony DUI and sentenced to twenty-five years imprisonment.  
On appeal, this court found the 
 record did not provide a sufficient factual basis to determine whether Jenkins 
 was qualified to obtain the sample.  We remanded the case to the circuit court 
 for a determination of whether Jenkins had the training required under the statute. 

On remand, the State presented 
 testimony from Geraldine Charlesworth, the former Director of Education at Beaufort 
 Memorial Hospital.  Charlesworth testified she was responsible for clinical 
 education of the hospitals nursing and clinical staff.  She described the competency 
 and credentialing process that each hospital employee must pass through after 
 they are first hired and the system of evaluations all employees must undergo 
 regularly thereafter.  With regard to Harry Jenkins qualifications, she testified 
 that she had specifically and individually trained Jenkins, and that he was 
 skilled in a number of competency areas, including specimen collection. [2] Charlesworth specifically noted that Jenkins training included 
 instruction on the proper procedures for obtaining urine samples.  Based on 
 this testimony, the trial court found as fact that Jenkins did have the requisite 
 medical training to take Livingstons urine sample.  The present appeal followed. 

STANDARD OF 
 REVIEW
A trial judges decision to admit or exclude evidence 
 is within his discretion and will not be disturbed on appeal absent an abuse 
 of discretion. Elledge v. Richland/Lexington Sch. Dist. Five, 352 S.C. 
 179, 185, 573 S.E.2d 789, 792 (2002).
LAW/ANALYSIS
I.  Jenkins Qualification 
 to Obtain the Urine Sample
Livingston first argues the trial 
 court erred in finding Harry Jenkins was qualified to obtain a urine sample 
 under the provisions of the implied consent statute.  We disagree.
Under the implied consent statute, 
 an arresting officer may direct that a urine sample be collected from a person 
 arrested for DUI if that person is unable to submit to a breathalyzer test for 
 medical reasons.  S.C. Code Ann. § 56-5-2950 (Supp. 2004).  The statute requires, 
 however, that these samples be collected by qualified medical personnel: Blood 
 and urine samples must be obtained by physicians licensed by the State Board 
 of Medical Examiners, registered nurses licensed by the State Board of Nursing, 
 and other medical personnel trained to obtain the samples in a licensed medical 
 facility. S.C. Code Ann. § 56-5-2950(a).  This requirement that blood and urine 
 samples be obtained by qualified medical personnel serves the clear purpose 
 of ensuring that a specimen collected is free from contamination that would 
 diminish the accuracy or reliability of any test results obtained from the sample.
We find sufficient evidence supports 
 the trial court determination that Jenkins was adequately trained to obtain 
 a urine sample under section 56-5-2950.  As noted above, Geraldine Charlesworth 
 presented detailed testimony regarding the competency and credentialing requirements 
 all hospital employees must satisfyskills that not only must be demonstrated 
 at the outset of their employment, but must be reassessed on a regular basis 
 by the hospitals senior staff.  Moreover, Charlesworth testified specifically 
 that Jenkins had demonstrated competency with regard to the proper procedures 
 for collecting urine samples. [3]   Contrary to Livingstons argument on appeal, there is no requirement 
 that Jenkins be a licensed medical professional, as the statute specifically 
 includes within its ambit other medical personnel trained to obtain the samples 
 in a licensed medical facility.
II.  Hearsay Objection
Livingston also argues 
 the trial court erred in admitting Charlesworths testimony regarding Jenkins 
 employment records because it was hearsay.  We find this issue is not preserved.
Geraldine Charlesworth 
 testified during the initial hearing on remand in June 2002.  Her testimony 
 regarding Jenkins training and qualifications was based in part on her review 
 of Jenkins employment files.  When the hearing was reconvened in September 
 2002, Livingston objected to Charlesworths testimony regardingand reliance 
 onthe employment records of Jenkins.  The trial court overruled this objection, 
 finding it was far too late raise the matter and that Livingston had therefore 
 waived any objection. 
We concur in the circuit courts 
 assessment.  A contemporaneous objection is required at trial to preserve an 
 issue for appellate review. State v. Johnson, 324 S.C. 38, 41, 476 S.E.2d 
 681, 682 (1996). The issue must be raised to and ruled on by the trial judge. 
 State v. Williams, 303 S.C. 410, 411, 401 S.E.2d 168, 169 (1991). Failure 
 to object when the evidence is offered constitutes a waiver of the right to 
 object. State v. Black, 319 S.C. 515, 521-22, 462 S.E.2d 311, 315 (Ct. 
 App. 1995).  Thus, Livingston is procedurally barred from raising this issue 
 on appeal.
CONCLUSION
We find there is sufficient 
 evidence to support finding that Harry Jenkins was qualified under section 56-5-2950 
 to obtain a urine sample from Livingston.  We do not address Livingstons hearsay 
 objection as it is not preserved for appellate review.  The order of the circuit 
 court is therefore
 AFFIRMED.
 HUFF, KITTREDGE, 
 and BEATTY, JJ., concur.   

 
      
 [1] See State v. Livingston, 327 S.C. 17, 488 S.E.2d 313 (1997) 
 (reciting the facts relating to the accident).

 
      
 [2] Charlesworth specifically noted that Jenkins had been trained in the universal 
 cautions of specimen collection, which includes the procedures to be followed 
 in order to protect[] the specimen against any contamination. 

 
      
 [3] Livingston further claims that Charlesworths testimony was insufficient 
 because it referenced Harry Jenkins rather than the Henry Jenkins discussed 
 in this courts earlier opinion, State v. Livingston, Op. No. 2001-UP-475 
 (S.C. Ct. App. 2001).  This courts reference to Henry Jenkins was clearly 
 a scriveners error.  Indeed, the trial court noted at the hearing on remand 
 that the Harry Jenkins referred to in Charlesworths testimony was the 
 individual referred to in [the Court of Appeals] decision as Henry Jenkins.