**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

The State, Respondent,

v.

Richard Vernon Deas, Appellant.

Appellate Case No. 2009-115986

Appeal From Charleston County
Deadra L. Jefferson, Circuit Court Judge

Unpublished Opinion No. 2012-UP-615
Submitted October 1, 2012 – Filed November 21, 2012

**AFFIRMED**

Chief Appellate Defender Robert Michael Dudek, of Columbia, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, Assistant Deputy Attorney General J. Anthony Mabry, all of Columbia; and Solicitor Scarlett A. Wilson, of Charleston, for Respondent.

**PER CURIAM:**  Deas appeals his convictions of murder and possession of a firearm during the commission of a violent crime contending the trial court erred in finding (1) a taped conversation taken at the county jail in which Deas stated police did not have the murder weapon was relevant and (2) the taped conversation's probative value was not outweighed by unfair prejudice.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the trial court erred in admitting irrelevant evidence:  *State v. Morris,* 376 S.C. 189, 205-06, 656 S.E.2d 359, 368 (2008) ("The admission or exclusion of evidence is left to the sound discretion of the trial court, and the [trial] court's decision will not be reversed absent an abuse of discretion.  An abuse of discretion occurs when the trial court's decision is based upon an error of law or upon factual findings that are without evidentiary support."); *State v. Cheeseboro*, 346 S.C. 526, 548, 552 S.E.2d 300, 311 (2001) ("Under Rule 401, SCRE, evidence is relevant if has a direct bearing upon and tends to establish or make more or less probable the matter in controversy."); *State v. Rosemond*, 335 S.C. 593, 596, 518 S.E.2d 588, 589 (1999) ("The relevance, materiality, and admissibility of [evidence] are matters within the sound discretion of the trial court."); *State v. Sims*, 304 S.C. 409, 418, 405 S.E.2d 377, 382 (1991) ("Evidence which assists a jury at arriving at the truth of an issue is relevant and admissible unless otherwise incompetent.").

2. As to whether the trial court erred in finding the evidence was not unduly prejudicial:  *State v. Douglas*, 369 S.C. 424, 429, 632 S.E.2d 845, 847-48 (2006) ("The admission or exclusion of evidence is a matter addressed to the sound discretion of the trial court and its ruling will not be disturbed in the absence of a manifest abuse of discretion accompanied by probable prejudice."); *State v. Holland*, 385 S.C. 159, 171, 682 S.E.2d 898, 904 (Ct. App. 2009) ("Rule 403, SCRE, states, although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Unfair prejudice means an undue tendency to suggest a decision of an improper basis.  The determination of whether the danger of unfair prejudice outweighs the probative value of evidence must be based on the entire record and will turn on the facts of each case." (internal quotation marks and citations omitted)); *State v. Gilchrist*, 329 S.C. 621, 629, 496 S.E.2d 424, 428 (Ct. App. 1998) ("In considering a Rule 403, SCRE, challenge, the

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

trial court must consider the nature of the statement, as well as the context in which it was made."); *State v. Pagan*, 369 S.C. 201, 212, 631 S.E.2d 262, 267 (2006) ("Generally, appellate courts will not set aside convictions due to insubstantial errors not affecting the result. Error is harmless beyond a reasonable doubt where it did not contribute to the verdict obtained.  Thus, an insubstantial error not affecting the result of the trial is harmless where guilt has been conclusively proven by competent evidence such that no other rational conclusion can be reached." (citations omitted)).

**AFFIRMED.**

**SHORT, KONDUROUS, and LOCKEMY, JJ., concur.**