**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Roosevelt Reaves, Appellant.

Appellate Case No. 2011-190786

―――――――――――――

Appeal From Richland County
Clifton Newman, Circuit Court Judge

―――――――――――――

Unpublished Opinion No. 2013-UP-422
Submitted October 1, 2013 – Filed November 20, 2013

―――――――――――――

**AFFIRMED**

―――――――――――――

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jennifer Ellis Roberts, both of Columbia, for Respondent.

―――――――――――――

**PER CURIAM:** Roosevelt Reaves appeals his conviction of criminal sexual conduct, arguing the trial court erred in admitting (1) graphic photographs because the prejudicial effect outweighed their probative value and (2) expert testimony

outside the scope of the expert's qualifications.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred in admitting graphic photographs:  *State v. Rosemond*, 335 S.C. 593, 596, 518 S.E.2d 588, 589-90 (1999) ("The relevance, materiality and admissibility of photographs are matters within the sound discretion of the trial court and a ruling will be disturbed only upon a showing of an abuse of discretion."); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."); *Rosemond*, 335 S.C. at 597, 518 S.E.2d at 590 ("If the photograph serves to corroborate testimony, it is not an abuse of discretion to admit it.").

2.  As to whether the trial court erred in allowing expert testimony:  *State v. Byers*, 392 S.C. 438, 444, 710 S.E.2d 55, 58 (2011) ("For an objection to be preserved for appellate review, the objection must be made at the time the evidence is presented, and with sufficient specificity to inform the [trial court] of the point being urged by the objector."(internal citations omitted)); *State v. Commander*, 396 S.C. 254, 262-63, 721 S.E.2d 413, 417 (2011) ("The admission or exclusion of evidence is a matter within the trial court's sound discretion, and an appellate court may only disturb a ruling admitting or excluding evidence upon a showing of a 'manifest abuse of discretion accompanied by probable prejudice.'" (quoting *State v. Douglas,* 369 S.C. 424, 429, 632 S.E.2d 845, 847-48 (2006))).

**AFFIRMED.**[1]

**SHORT, WILLIAMS, and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.