**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Joyce Renee Stover, Appellant.

Appellate Case No. 2023-001242

———————————

Appeal From Chester County
Brian M. Gibbons, Circuit Court Judge

———————————

Unpublished Opinion No. 2025-UP-354
Submitted October 1, 2025 – Filed October 22, 2025

———————————

**AFFIRMED**

———————————

Appellate Defender Jessica M. Saxon, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Brian Hollis Gibbs, both of Columbia; and Solicitor Randy E. Newman, Jr., of Lancaster, all for Respondent.

———————————

**PER CURIAM:** Joyce Renee Stover appeals her conviction for homicide by child abuse and sentence of thirty-five years' imprisonment. On appeal, Stover argues the trial court erred in admitting an autopsy photograph of the victim because the

photograph's probative value was substantially outweighed by the danger of unfair prejudice.  We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion in admitting the photograph. Although the photograph had minimal probative value, it was not substantially outweighed by the minimal danger of unfair prejudice because the photograph was a single photograph, likely displayed twice or less to the jury, and it depicted only a view of the victim's chest with three EKG stickers and minor bruising from CPR. *See State v. Rosemond*, 335 S.C. 593, 596, 518 S.E.2d 588, 589-90 (1999) ("The relevance, materiality, and admissibility of photographs are matters within the sound discretion of the trial court and a ruling will be disturbed only upon a showing of an abuse of discretion."); *State v. Irick*, 344 S.C. 460, 464, 545 S.E.2d 282, 284 (2001) ("An abuse of discretion arises from an error of law or a factual conclusion that is without evidentiary support."); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."); *State v. Martucci*, 380 S.C. 232, 249, 669 S.E.2d 598, 607 (Ct. App. 2008) ("The trial [court] must balance the prejudicial effect of graphic photographs against their probative value."); *State v. Lyles*, 379 S.C. 328, 338, 665 S.E.2d 201, 206 (Ct. App. 2008) ("When [balancing the danger of unfair prejudice] against the probative value, the determination must be based on the entire record and will turn on the facts of each case."); *State v. Johnson*, 338 S.C. 114, 122, 525 S.E.2d 519, 523 (2000) (providing the State has the right to prove every element of the crime charged and is not obligated to rely upon a defendant's stipulation); S.C. Code Ann. § 16-3-85(A)(1) (2015) ("A person is guilty of homicide by child abuse if the person . . . causes the death of a child under the age of eleven while committing child abuse or neglect, and the death occurs under the circumstances manifesting an extreme indifference to human life."); *Davis v. Traylor*, 340 S.C. 150, 150, 530 S.E.2d 385, 387 (Ct. App. 2000) ("The trial court [i]s not required to exclude relevant evidence merely because it is unpleasant or offensive."); *State v. Gilchrist*, 329 S.C. 621, 630, 496 S.E.2d 424, 429 (Ct. App. 1998) ("Unfair prejudice does not mean the damage to a defendant's case . . . rather it refers to evidence which tends to suggest decision on an improper basis." (quoting *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993))); *State v. Nance*, 320 S.C. 501, 508, 466 S.E.2d 349, 353 (1996) ("If the offered photograph serves to corroborate testimony, it is not an abuse of discretion to admit it.").

**AFFIRMED.**[1]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.