**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Jaylen Westly Bell, Appellant.

Appellate Case No. 2022-001541

―――――――――――

Appeal From Richland County
Robert E. Hood, Circuit Court Judge

―――――――――――

Unpublished Opinion No. 2025-UP-424
Submitted November 1, 2025 – Filed December 23, 2025

―――――――――――

**AFFIRMED**

―――――――――――

Senior Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General W. Jeffrey Young, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Solicitor Byron E. Gipson, all of Columbia, for Respondent.

―――――――――――

**PER CURIAM:** Jaylen Westly Bell appeals his convictions for murder and possession of a deadly weapon during the commission of a violent crime and his

concurrent sentences of thirty-five years' imprisonment and five years' imprisonment. On appeal, Bell argues the trial court erred in (1) admitting an autopsy photograph of the victim in violation of Rule 403 of the South Carolina Rules of Evidence and (2) allowing the State to impeach Bell using extrinsic evidence in violation of Rule 608(b) of the South Carolina Rules of Evidence. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the trial court did not abuse its discretion in admitting the autopsy photograph because the photograph was highly probative to Bell's claim of self-defense and presented a low danger of unfair prejudice. *See State v. Rosemond*, 335 S.C. 593, 596, 518 S.E.2d 588, 589-90 (1999) ("The relevance, materiality[,] and admissibility of photographs are matters within the sound discretion of the trial court and a ruling will be disturbed only upon a showing of an abuse of discretion."); *State v. Irick*, 344 S.C. 460, 464, 545 S.E.2d 282, 284 (2001) ("An abuse of discretion arises from an error of law or a factual conclusion that is without evidentiary support."); Rule 403, SCRE (stating relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence"); *State v. Martucci*, 380 S.C. 232, 249, 669 S.E.2d 598, 607 (Ct. App. 2008) ("The trial [court] must balance the prejudicial effect of graphic photographs against their probative value."); *State v. Gray*, 408 S.C. 601, 613, 759 S.E.2d 160, 166 (2014) ("When a photo derives probative value from its tendency to corroborate testimony, the measure of this value varies depending on the facts of each individual case."); *Martucci*, 380 S.C. at 250, 669 S.E.2d at 607 ("However, photographs calculated to arouse the sympathy or prejudice of the jury should be excluded if they are irrelevant or not necessary to substantiate material facts or conditions."); *State v. Gilchrist*, 329 S.C. 621, 630, 496 S.E.2d 424, 429 (Ct. App. 1998) ("Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest decision on an improper basis." (quoting *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993))); *State v. Nance*, 320 S.C. 501, 508, 466 S.E.2d 349, 353 (1996) ("If the offered photograph serves to corroborate testimony, it is not an abuse of discretion to admit it.").

2. We hold this issue is not preserved for appellate review. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]. Issues not raised and ruled upon in the trial court will not be

considered on appeal."); *id.* at 142, 587 S.E.2d at 694 ("A party may not argue one ground at trial and an alternate ground on appeal.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., and THOMAS and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.