**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Bradley Wayne Walker, Appellant.

Appellate Case No. 2023-000139

———————

Appeal From Lexington County
Walton J. McLeod, IV, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-065
Submitted January 2, 2026 – Filed February 11, 2026

———————

**AFFIRMED**

———————

Appellate Defender Sarah Elizabeth Shipe, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Tommy Evans, Jr., all of Columbia; and Solicitor Samuel R. Hubbard, III, of Lexington, all for Respondent.

———————

**PER CURIAM:**  Bradley Wayne Walker appeals his convictions for murder and three counts of attempted murder and concurrent sentences of forty-five years' imprisonment for murder and thirty years' imprisonment for each count of attempted murder.  On appeal, Walker argues the circuit court erred in admitting three police body-worn camera videos of the victims under Rule 403 of the South Carolina Rules of Evidence.  We affirm pursuant to Rule 220(b), SCACR.

We hold the circuit court did not abuse its discretion in admitting the three body-worn camera videos.  Although the videos had minimal probative value, it was not substantially outweighed by the minimal danger of unfair prejudice because the videos were short, only shown to the jury once, had no audio, and only displayed the bloody victim briefly.  *See State v. Rosemond*, 335 S.C. 593, 596, 518 S.E.2d 588, 589-90 (1999) ("The relevance, materiality[,] and admissibility of photographs are matters within the sound discretion of the [circuit] court and a ruling will be disturbed only upon a showing of an abuse of discretion."); *State v. Irick*, 344 S.C. 460, 464, 545 S.E.2d 282, 284 (2001) ("An abuse of discretion arises from an error of law or a factual conclusion that is without evidentiary support."); Rule 402, SCRE (providing that all relevant evidence is generally admissible); Rule 401, SCRE (stating that to be relevant, evidence must have a "tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"); Rule 403, SCRE (noting relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence"); *State v. Dial*, 405 S.C. 247, 260, 746 S.E.2d 495, 502 (Ct. App. 2013) (stating that when determining whether to admit body-worn camera footage, the circuit court "must balance [the danger of unfair prejudice] of . . . photographs against their probative value" (quoting *State v. Martucci*, 380 S.C. 232, 249, 669 S.E.2d 598, 607 (Ct. App. 2008))); *State v. Gray*, 408 S.C. 601, 613, 759 S.E.2d 160, 166 (Ct. App. 2014) ("When a photo[graph] derives probative value from its tendency to corroborate testimony, the measure of this value varies depending on the facts of each individual case."); *Martucci*, 380 S.C. at 250, 669 S.E.2d at 607 ("[P]hotographs calculated to arouse the sympathy or prejudice of the jury should be excluded if they are irrelevant or not necessary to substantiate material facts or conditions."); *State v. Gilchrist*, 329 S.C. 621, 630, 496 S.E.2d 424, 429 (Ct. App. 1998) ("Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest decision on an improper basis." (quoting *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993))); *State v. Nance*, 320 S.C. 501,

508, 466 S.E.2d 349, 353 (1996) ("If the offered photograph serves to corroborate testimony, it is not an abuse of discretion to admit it."); *Davis v. Traylor*, 340 S.C. 150, 155, 530 S.E.2d 385, 387 (Ct. App. 2000) ("The [circuit] court [i]s not required to exclude relevant evidence merely because it [i]s unpleasant or offensive."); *State v. Kelley*, 319 S.C. 173, 177-78, 460 S.E.2d 368, 370-71 (1995) (holding that admission of the evidence was proper under Rule 403 because their probative value in showing the crime scene and establishing malice was not substantially outweighed by the danger of unfair prejudice); *cf. State v. Nelson*, 440 S.C. 413, 426-27, 891 S.E.2d 508, 514-15 (2023) (finding the circuit court erred in admitting "gruesome" autopsy photographs that had minimal probative value because the cause and manner of death were not in dispute and the sole issue at trial concerned the identity of the perpetrator).

**AFFIRMED.**[1]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.