**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Kierin Marcellus Dennis, Appellant.

Appellate Case No. 2019-001486

———————————

Appeal From Lexington County
Eugene C. Griffith, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2026-UP-294
Submitted April 1, 2026 – Filed June 10, 2026

———————————

**AFFIRMED**

———————————

Senior Appellate Defender Lara Mary Caudy, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy
Attorney General Donald J. Zelenka, and Senior
Assistant Deputy Attorney General Melody Jane Brown,
all of Columbia; and Solicitor Samuel R. Hubbard, III, of
Lexington, all for Respondent.

———————————

**PER CURIAM:** Kierin Marcellus Dennis appealed his conviction for murder, this court reversed the circuit court's denial of Dennis' request for a new immunity

hearing[1] under the Protection of Persons and Property Act,[2] and our supreme court reversed and remanded two evidentiary issues that arose at trial:[3] whether the trial court erred in admitting an aerial photograph and whether the trial court erred in permitting the State to use a model car door for demonstrative purposes. We affirm.

**STANDARD OF REVIEW**

"The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion." *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006). "An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law." *Id.*

**LAW/ANALYSIS**

**A.      Admission of Aerial Photograph**

Dennis argues the trial court erred in allowing the State to introduce an aerial photograph of the incident location that depicted three vehicles parked side-by-side in a two-lane roadway because it was staged by law enforcement to give the materially false impression that the road was three lanes wide and easier to retreat. We disagree.

In a pretrial hearing, Dennis moved to exclude an aerial photograph of the incident location, arguing it was staged by law enforcement with parked cars to give the false impression that the road was three lanes wide and easy for Dennis to retreat, rather than two lanes wide in actuality. The court took the matter under advisement. During trial, when the State attempted to introduce the photograph, Dennis objected and the court found the photograph "fair," especially if entered with another photograph that depicted the areas without vehicles. Three photographs were admitted.

---

[1] *See* S.C. Code Ann. § 16-11-410 to -450 (2015).
[2] *State v. Dennis*, 444 S.C. 353, 372, 907 S.E.2d 142, 152 (Ct. App. 2024), *rev'd and remanded*, 447 S.C. 323, 926 S.E.2d 250 (2026).
[3] *State v. Dennis*, 447 S.C. 323, 336, 926 S.E.2d 250, 257 (2026).

The photograph at issue depicts three vehicles parked side-by-side in the roadway between the Cook-Out restaurant where the incident took place and the pet store next door. Brent Carter of the Lexington Police Department testified regarding what the photographs depicted and where the relevant vehicles were parked before the incident. He also testified the driveway was not three lanes but opined the road could "comfortably" fit three vehicles. He admitted he did not measure the road, and it was not actually a three-lane road because part of it was covered in dirt.

Dennis argues the court erred in admitting the photograph because it gave the false impression that the road was three lanes wide; it was confusing and misleading; and it did not refute Dennis' self-defense argument because it did not represent the scene as it existed the night of the incident. He also argues it was not relevant and highly prejudicial by falsely implying Dennis had a means to leave the scene that did not actually exist.

"The relevancy, materiality, and admissibility of photographs as evidence are matters left to the sound discretion of the trial court." *State v. Johnson*, 338 S.C. 114, 122, 525 S.E.2d 519, 523 (2000). "A test to determine whether the trial judge abused his discretion is whether the photographic evidence serves to corroborate the testimony of witnesses offered at trial. 'If the photograph serves to corroborate testimony, it is not an abuse of discretion to admit it.'" *State v. Vang*, 353 S.C. 78, 88, 577 S.E.2d 225, 230 (Ct. App. 2003) (quoting *State v. Rosemond*, 335 S.C. 593, 597, 518 S.E.2d 588, 590 (1999)).

We affirm this issue. *See State v. Collins*, 409 S.C. 524, 534, 763 S.E.2d 22, 28 (2014) ("A trial judge's decision regarding the comparative probative value and prejudicial effect of evidence should be reversed only in exceptional circumstances." (quoting *State v. Adams*, 354 S.C. 361, 378, 580 S.E.2d 785, 794 (Ct. App. 2003))); *State v. Hurell*, 424 S.C. 341, 353–54, 818 S.E.2d 21, 27 (Ct. App. 2018) ("Normally, it is sufficient for the admission of photographs that a person familiar with the subject, such as a scene, testify that the photographs truly represent what they purport to depict." (quoting Alex Sanders & John S. Nichols, *Trial Handbook for South Carolina Lawyers* § 19:12 (5th ed. Sept. 2025))). Here, there was testimony that the photograph depicted the actual width of the road, corroborating the State's theory that there was sufficient room for Dennis to exit the parking area. We conclude the trial court acted within its discretion in admitting the photograph.

**B.     Admission of Model Car Door**

Dennis argues the trial court erred in allowing the State to use a model car door created by the State's investigator for demonstrative purposes. We disagree.

Dennis objected to the use of the model door as a visual aid to represent Dennis' car door. The door was from a 1998 Ford Explorer Sport although Dennis' vehicle was a 2001 model. James Sullivan, an investigator with the solicitor's office, created the model, and during a proffer of testimony, stated the vehicle model did not change between 1995 and 2003 "[s]o . . . those doors should be the same." Sullivan admitted he had never seen Dennis' vehicle and his model was based on a single measurement given to him by Carter. The court ruled the State could use the model door for demonstrative purposes and any inaccuracies went to the weight and not the admissibility of the evidence.

Dennis argues the court erred in admitting the aid, maintaining the court failed to exercise its gatekeeping function and should have excluded the exhibit for being grossly unreliable and inaccurate. He also argues the court had an affirmative duty to determine reliability before allowing the model to be used. Dennis next argues the door did not corroborate evidence but was used entirely as a theatrical prop. The State argues the door was only 1/16th of an inch off, to Dennis' benefit. The State maintains it properly laid the foundation and elicited testimony from the investigator regarding why it was relevant. The State also argues it was more probative than prejudicial.

"Demonstrative evidence includes items such as a photograph, chart, diagram, or video animation that explains or summarizes other evidence and testimony. Such evidence has secondary relevance to the issues at hand; it is not directly relevant, but must rely on other material testimony for relevance." *Hamilton v. Reg'l Med. Ctr.*, 440 S.C. 605, 629–30, 891 S.E.2d 682, 695 (Ct. App. 2023) (quoting *Clark v. Cantrell*, 339 S.C. 369, 383, 529 S.E.2d 528, 535 (2000)). "Before an item of demonstrative evidence is admitted in evidence, counsel must lay a foundation establishing a link between the item and a matter in issue." Sanders & Nichols, at § 19:2. "'[T]he burden to authenticate . . . is not high' and requires only that the proponent 'offer[ ] a satisfactory foundation from which the jury could reasonably find that the evidence is authentic.'" *Deep Keel, LLC v. Atl. Priv. Equity Grp., LLC*, 413 S.C. 58, 64–65, 773 S.E.2d 607, 610 (Ct. App. 2015) (alterations in original) (quoting *United States v. Hassan*, 742 F.3d 104, 133 (4th Cir. 2014)). "Authentication is typically accomplished by the testimony of a witness with personal knowledge that the item is what it purports to be, and that it should be accorded the probative value which is self-evident or which is indicated by other testimony." Sanders & Nichols, at § 19:2. "Demonstrative evidence often is

admitted only for use in the courtroom to explain and illustrate a witness's testimony, but it also may be admissible as an exhibit for the jury to examine and consider during deliberations." *Clark*, 339 S.C. at 383, 529 S.E.2d at 535. "The trial judge acts as the authentication gatekeeper . . . ." *State v. Green*, 427 S.C. 223, 230, 830 S.E.2d 711, 714 (Ct. App. 2019), *aff'd as modified on other grounds*, 432 S.C. 97, 851 S.E.2d 440 (2020).

Here, the court heard arguments during a proffer of the testimony and concluded the model door could be used for demonstrative purposes only. We find no abuse of discretion by the trial court. *See Davis v. Traylor*, 340 S.C. 150, 156–57, 530 S.E.2d 385, 388 (Ct. App. 2000) (explaining the standard of review of a trial court's permission to use an object for demonstrative purposes would not be higher than that used for the admission of demonstrative evidence); *id.* (describing that standard of review, stating "[t]he trial court has broad discretion in the admission or rejection of evidence and will not be overturned unless it abuses that discretion"); *see also State v. Barrs*, 257 S.C. 193, 199, 184 S.E.2d 708, 711 (1971) (finding no error in the admission of copper wire coils of the same type as those allegedly stolen by the defendant because the coils were "simply demonstrative evidence, useful in the examination of witnesses"); *Davis*, 340 S.C. at 158, 530 S.E.2d at 388–89 (affirming the trial court in allowing a witness to use a rifle similar to the one at issue for demonstrative purposes).

**CONCLUSION**

For the forgoing reasons, the conviction and sentence are

**AFFIRMED.[4]**

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[4] We decide this case without oral argument pursuant to Rule 215, SCACR.